UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL HAURY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-CV-781RM |
| ) | |
| EVELYN RIDLEY TURNER, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Michael Haury, a pro se a pro se prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. Pro. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). <u>Weiss v. Colley</u>, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

> entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Haury alleges that five Indiana State Prison officials, two of whom are directly responsible for overseeing the operation of the graphic print shop, violated the Eighth Amendment's prohibition against cruel and unusual punishments and criminal neglect by negligently allowing an unsafe working condition to exist. Mr. Haury asserts that on November 14, 2004 Officer Joe Furore, his boss in the print shop, directed him to finish a job. Mr. Haury, who had worked in the print shop for eight years, says while he was operating the hydraulic paper cutter, Officer Furore and at least three offenders were standing behind him, crowding him, and brushing up against him while walking back and forth doing their jobs. Mr. Haury was forced to stop working until they had moved away. As a result he had to step closer to the machine so that he was not bumped. He says he was distracted as the other people were leaving and he unknowingly pressed the foot operated pedal while his hand was close enough to allow the foot operated clamping bar to come down and cut off the tip of his left index finger. As a result, he has a deformed finger and partial use of his left index finger.

Mr. Haury asserts that Officer Joe Furore, his supervisor at the graphic print shop "was not aware that this machine was unsafe, but he helped to created unsafe working conditions that let to the accident." According to the complaint, the hydraulic cutters should have their own safety area of operation. He says ISP

Safety Coordinator Ron Johnson chose not to act on several safety issues dealing with unsafe or illegal operations of printing machines, that the machine was old and didn't have proper safety equipment. Assistant Superintendent of Programs Gilbert Peters and Superintendent Cecil Davis had been to the print shop and were told about the equipment, but did nothing to replace the hydraulic cutter. According to Mr. Haury, Commissioner Turner was not aware of the problems at the print shop because she had never been there, but she should have known about the problems.

Mr. Haury alleges that work conditions at the ISP print shop violated his Eighth Amendment rights. The Eighth Amendment's prescription against cruel and unusual punishments applies to persons convicted of crimes. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Robinson v. Moses, 644 F. Supp. 975 (N.D. Ind. 1986). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834(1994); Wilson v. Seiter, 501 U.S. 294 (1991).

Section 1983 was intended to protect only federal rights guaranteed by federal law, and not tort claims for which there are adequate remedies under state law. Wright v. Collins, 766 F.2d. 841, 849 (4th Cir. 1985). Generally, unsafe working conditions, such as those alleged here, do not constitute a claim under § 1983. Wright v. Collins, 776 F.2d 841 (prison supervisor forcing prisoner to use an allegedly unsafe ladder constituted negligence, for which there were adequate

state law remedies); Major v. Benton, 647 F.2d 110 (10th Cir. 1981) (inmate's death in cave-in of sewer ditch resulting from the alleged negligent action of prison officials in failing to formulate and implement safety measures raised no constitutional claim).

Indiana has a tort claims act that provides prisoners an opportunity to seek redress for injury resulting from state officials' negligence. Wilson v. Civil Town of Clayton, Indiana, 839 F.2d 375, 382 (7th Cir. 1988). Because Indiana provides an adequate state law remedy for injuries suffered by inmates because of the negligence of its employees, Mr. Haury's injury in what amounts to an industrial accident provides no right to recovery under § 1983.

That Mr. Haury has no federal law claim arising from the serious injury he suffered in November 2004 does not mean that he may not pursue a tort claim in state court. Under Indiana's tort claims act, IND. CODE § 34-13-3-1 *et seq.*, a person may sue the state or its officials in state court after putting the state on notice of the claim by filing a notice of tort claim with and giving it an opportunity to investigate the claim. IND. CODE § 34-13-3-6 provides that "a notice may be "filed with the attorney general or the state agency involved within two hundred seventy (270) days after the loss occurs". If Mr. Haury has filed a notice of tort claims, or files a notice of tort claims within the time allowed by the tort claims act, he might be able to proceed in state court. Accordingly, the court will explicitly dismiss this case without prejudice to Mr. Haury's ability to bring his claims in an appropriate state court. This court, of course, offers no view on whether his Indiana law claim has merit.

Mr. Haury alleges that after the accident, his life was threatened by Officer Furore and another inmate in an attempted to persuade him to drop this lawsuit. Allegations of verbal abuse or threats state no Eighth Amendment claim; "not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987). Verbal abuse or harassment is not sufficient to state a claim under § 1983. Ivey v. Wilson, 832 F.2d at 955; Oltarzewksi v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Davis v. Michigan Department of Corrections, 746 F.Supp. 662, 667 (E.D. Mich. 1990). These allegations do not present an arguable claim for relief under 42 U.S.C. § 1983, and the deficiencies could not be cured by amendment.

For the foregoing reasons, the court, pursuant to 28 U.S.C. § 1915A, DISMISSES this cause of action without prejudice to the plaintiff's right to bring his claim against the State of Indiana or state officials in an appropriate state court.

SO ORDERED.

ENTERED:  December 15, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court